UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re: Lynn Beth Baum, Debtor.

David Findling and
Findling Law Firm, PLC,

    Creditors-Appellants,                                         No. 23-11140

v.                                                           Honorable Nancy G. Edmunds

Tammy L. Terry, Chapter 13 Trustee,

    Trustee-Appellee.

_____/

**OPINION AND ORDER DENYING TRUSTEE-APPELLEE'S MOTION TO DISMISS AND DENYING THE AWARD OF L.R. 7.1(a)(3) SANCTIONS [11] AND ORDER TO SHOW CAUSE**

This is an appeal from the United States Bankruptcy Court for the Eastern District of Michigan. David Findling and The Findling Law Firm, PLC, ("Findling") appeal the bankruptcy court's decision in the case of debtor Lynn Beth Baum ("Baum"). Chapter 13 Trustee Tammy L. Terry ("the Trustee") filed motions to dismiss Findling's appeal for lack of jurisdiction and for sanctions under Local Rule 7.1(a)(3). (ECF No. 11.) The Trustee's motions bring the matter before this Court. For the reasons below, the Court DENIES both motions.

I.     **Introduction**

Debtor Baum initiated Chapter 13 proceedings in February 2022 and voluntarily dismissed her case in March 2023. During the time the case was pending, Baum filed a

1

proposed bankruptcy plan and amendments to the plan but dismissed the case before any plan was confirmed. At the time of dismissal, the Trustee held $147,466.06 in payments made to the estate by the Debtor and by others on her behalf. (Bankr. Dkt. No. 295 p. 3.) The Trustee filed a motion requesting guidance from the bankruptcy court on how to distribute the remaining estate funds in the absence of a confirmed plan. Findling and the Debtor filed responses, and on May 5, 2023, the court filed an opinion concerning the distribution and issued the final order in the case.

Findling filed a timely notice of appeal on May 12, 2023, and a motion for direct certification of the appeal to the Sixth Circuit on May 26th. (ECF Nos. 1, 3.) In his certification motion, Findling states that he "filed an appeal of the Bankruptcy Court's final order entered on May 5, 2023." (ECF No. 3 at PageID.21.) The Trustee filed a response addressing the court's distribution plan issued in the May 5th order. (ECF No. 6, PageID.83.) Findling ultimately withdrew his request for direct certification and did not refile the motion. The bankruptcy court, however, issued an order on June 16, 2023, declining to make a *sua sponte* certification under 28 U.S.C. §158(d)(2). (Bankr. Dkt. No. 313.)

A matter remains pending in the bankruptcy court for 30 days after a notice of appeal and in the district court thereafter. Fed. R. Bankr. P. 8006(b). The bankruptcy court issued the June 16th order more than 30 days after Findling filed his appeal. The bankruptcy court concluded, however, that despite Findling's appeal to this Court, the court's May 5th Order was still pending before it on June 16, 2023 because Findling mistakenly appealed the courts' opinion on the matter rather than the order issued the same day. (Bankr. Dkt. No. 313 at 3.) The court found that because Findling appealed

2

the court's opinion rather than the order, there was no pending appeal of its May 5th order to certify. Under this reasoning, the bankruptcy court retained jurisdiction. The bankruptcy court issued this conclusion past the deadlines for Findling to file a new notice or to make a motion to extend the notice of appeal deadline.

## II. Background

On May 5th, the bankruptcy court first entered an opinion ("Opinion") in Baum's bankruptcy case. The Opinion gave the court's reasoning and the legal conclusions it would later issue in its final judgment. *In re Baum*, 650 B.R. 852, 860 (Bankr. E.D. Mich.), cert. denied, 651 B.R. 443 (Bankr. E.D. Mich. 2023) ("[For the reasons stated in this Opinion … the Court will order [the final distribution of funds held by the Trustee.]"). The bankruptcy court then immediately issued the order ("Order"). (Bankr. Case No. 22-40755, Dkt. No. 296.) The court's decision previewed in the Opinion and ordered in the final judgment are identical. (*Compare* Bankr. Dkt. 295 at 12, *and* Bankr. Dkt. 296 at 2.)

Findling identified the Opinion as the subject of his appeal on Official Form 417A and submitted a copy of the Opinion as an attachment to the form. (ECF. No. 1 at PageIDs. 2, 4–15.) The bankruptcy docket for Findling's Notice of Appeal refers to and links the Opinion's docket number. (Bankr. Dkt. No. 300.) In Findling's Designation of Items to be Included in the Record on Appeal filed with the Court on June 12, 2023, he again refers to the bankruptcy court's Opinion. (ECF No. 9, PageIDs.92–93.) Findling never refers to the Order and did not include the Order in the record.

Despite Findling's persistent reference to the Opinion, no confusion ensued. The bankruptcy court's own notice to file designation states that "an appeal was filed on May 12, 2023 from an order entered by Judge Thomas J. Tucker on May 5, 2023." (Bankr.

3

Dkt. 303.) The Trustee did not object to Findling's appeal of the Opinion rather than the Order, and she addressed the correct issues on appeal in her response to Findling's motion for direct certification of his appeal.

Things have been less clear since the bankruptcy court issued its June 16th order. The Trustee conferred with Findling, seeking a stipulation to dismiss the appeal based on the court's jurisdictional conclusion. (ECF No. 11, PageID.321.) Findling responded by seeking the Trustee's concurrence in a motion to permit the filing of a corrected notice of appeal. (ECF No. 13, PageID.336.) The parties could not come to an agreement on either matter. With Findling's appeal of the Opinion still on file with this Court, the Trustee distributed the remaining estate funds according to the Order and submitted her Final Report and Account to the bankruptcy court on June 15, 2023. (Bankr. Dkt. No. 312.) With the estate fully administered, the bankruptcy court entered its final decree on July 18, 2023, discharging the Trustee and closing the case. On July 20, 2023, the Trustee filed the motion to dismiss now before the Court. (ECF No. 11.)

### III.   Standard of Review

"When reviewing a bankruptcy court's decision, a district court functions as an appellate court and applies the standard of review generally applied in the federal courts of appeals." *In re Pastula*, 227 B.R. 794, 795 (E.D. Mich. 1997) (internal citation omitted). Thus, "the bankruptcy court's findings of fact are reviewed under the clear-error standard, and its conclusions of law are reviewed de novo." *In re Wingerter*, 594 F.3d 931, 935–36 (6th Cir. 2010). "Jurisdictional questions are reviewed de novo." *In re SII Liquidation Co.*, 517 B.R. 72, 74 (B.A.P. 6th Cir. 2014) (citing *In re Khan*, 544 F. App'x 617, 619 (6th Cir. 2013), *cert. denied*, 572 U.S. 1016 (2014)).

4

IV.     Analysis

The Trustee's motion to dismiss relies on the bankruptcy court's conclusion that Findling's notice was not an appeal of a final judgment, order, or decree as required for jurisdiction under 28 U.S.C. §158(a) because he appealed an opinion. The Trustee also raises Bankruptcy Rule 8003(a)(3), which requires that notice of appeal substantially conform to Official Form 417A and "be accompanied by the judgment--or the appealable order or decree." Fed. R. Bankr. P. 8003. Because Findling referred to the Opinion rather than the Order on the official form, and submitted the Opinion rather than the Order with his filing, the Trustee argues Findling's notice also fails to satisfy this mandatory procedural requirement and should be dismissed. The question is whether the imperfections in Findling's notice preclude appellate review.

   A.      Imperfect Notice

Under 28 U.S.C. §158(a)(1), district courts "have jurisdiction to hear appeals from final judgments, orders, and decrees." This Court, "like all federal appellate courts, does not review lower courts' opinions, but their *judgments*." *Jennings v. Stephens*, 574 U.S. 271, 277 (2015) (citing *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842 (1984)). Designating the judgment for appeal "is both a mandatory and a jurisdictional prerequisite" under Federal Rule of Appellate Procedure 3(c)(1), the parallel provision to Federal Rule of Bankruptcy Procedure 8003(a)(3)(B). *In re Kramer*, 71 F.4th 428, 437–38 (6th Cir. 2023). Sixth Circuit and Supreme Court precedent, however, require that we "construe the jurisdictional requirements of Fed. R. App. P. 3(c) liberally." *Caudill v. Hollan*, 431 F.3d 900, 907 (6th Cir. 2005) (citations omitted). Generally, "imperfections in noticing an appeal should not be fatal where no

5

genuine doubt exists about who is appealing, from what judgment, and to which appellate court." *Becker v. Montgomery*, 532 U.S. 757, 767 (2001).

Courts consider several factors when evaluating the sufficiency of a party's notice of appeal. The Sixth Circuit has held that, absent a showing of prejudice, technical errors in a notice of appeal are not necessarily fatal when there is no genuine doubt about the order being appealed. *McLaurin v. Fischer*, 768 F.2d 98, 102 (6th Cir. 1985); s*ee also Foman v. Davis*, 371 U.S. 178, 181 (1962) (holding that a defect did not mislead or prejudice the respondent; a notice attempt could be "inept" but still effective); *In re Kramer*, 71 F.4th at 440 (concluding that an error of identification is not a jurisdictional flaw if all the information required by the rule is supplied in some form in the record.); and *In re Elam*, No. 22-8012, 2023 WL 5566199, 4 n.6 (B.A.P. 6th Cir. Aug. 29, 2023) ("[D]espite debtor's failure to comply with Rule 8003, the imperfections in the notice of appeal still leave no genuine doubt about the order being appealed."). Regarding "substantial conformity" with the official form required by Bankruptcy Rule 8003(a)(3), the Sixth Circuit has confirmed that the very phrase indicates that "strict and literal compliance" is not necessary. *In re Kramer*, 71 F.4th at 440 (citing *Fadayiro v. Ameriquest Mortg. Co.*, 371 F.3d 920, 923 (7th Cir. 2004) ("literal compliance with formal requirements is not indispensable to the administration of the bankruptcy system[.]")). While an error identifying the order on appeal in complex cases, like bankruptcy cases, may create enough confusion for a court to find such notice to be insufficient, that is not the case here. *Compare In re Thiel*, No. 1:14-CV-168, 2015 WL 773401, 2 n.2 (W.D.N.C. Feb. 24, 2015) (finding that notice was insufficient in a case with multiple orders when the appellant failed to make it clear which order was on appeal) and *In re*

6

*Elam*, 2023 WL 5566199, 4 n.6 (finding imperfect notice was sufficient in a case "dealing with a single order dismissing an adversary proceeding, involving only two parties with a protracted history.").

The Sixth Circuit addressed similar facts to those in this case in *Caudill v. Hollan*. In that case, plaintiffs also appealed from the final opinion rather than the final judgment. *Caudill v. Hollan*, 431 F.3d at 906. The lower court similarly noted that a final judgment would be entered "herewith" in their opinion and entered the order the same day. *Id.* The Sixth Circuit held that the appeal of an opinion ordering the entry of the final judgment was "tantamount to having appealed the judgment itself." *Id.* at 907. The notice was sufficient because the intent was clear in the notice, and no one was prejudiced. *Id.* Later, in *Schramm v. LaHood*, the Sixth Circuit clarified that the intent to appeal the correct order must be discernable *from the notice itself*; the absence of prejudice is not enough to save an imperfect notice. *Schramm v. LaHood*, 318 F. App'x 337, 344 (6th Cir. 2009) (emphasis added).

In the instant case, Findling also appealed an opinion rather than the final order throughout all documents in the record. Despite this consistent error, however, there never existed any genuine doubt or confusion about the outcome Findling appealed. As in *Caudill*, the court refers to the Order in the Opinion. The bankruptcy court also filed the Opinion and Order on the same day. Comparing the conclusion in the Opinion to the judgment in the Order, the legal outcome referred to in each is identical. Because the correct order is discernable from the Opinion that Findling included in his appeal, his intent to appeal the correct order is discernable from the notice itself. The Trustee also

7

understood the judgment Findling hoped to appeal because she addressed the Order in her response to Findling's certification motion. She was not prejudiced.

The Trustee also raises the omission of debtor Baum from the list of named parties on Findling's notice of appeal. Official Form 417A asks the appellant to list all parties to the judgment, and Findling did not include Baum as a party on the form. Again, Bankruptcy Rule 8003(a)(3)(A) requires notice to "conform substantially to the appropriate Official Form." Because only substantial conformity to the form is required, "we can look elsewhere in the notice of appeal to determine whether [Findling] sufficiently named all parties to the judgment, order, or decree appealed." *In re Kramer*, 71 F.4th at 440. The failure of a notice of appeal to name all the defendants is not fatal when all the information is contained in appended documents. *Id.* Debtor Baum is named in the Opinion on appeal and throughout the record, so Findling's notice substantially conforms to the form.

Generally, when an appeal is instituted, the lower court is divested of jurisdiction on matters related to that appeal. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). This transfer of jurisdiction is not effected, however, if a litigant files a notice of appeal from an unappealable order. *In re Big Rivers Elec. Corp.*, 266 B.R. 100, 103 (W.D. Ky. 2000). The bankruptcy court concluded that Findling's appeal of the Opinion was not an appealable order, so it retained jurisdiction and ultimately closed the case. Such a preliminary determination by lower courts of whether an order is appealable is proper to prevent *de facto* divestiture and unnecessary delay. *In re McBride*, 203 B.R. 633, 634–35 (Bankr. S.D. Ohio 1996).

As a federal court, however, we "have a strict duty to exercise the jurisdiction that is conferred upon [us] by Congress." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). For the reasons noted, Findling's notice of appeal, though flawed, was sufficient under Sixth Circuit precedent. The Court has jurisdiction and denies Trustee's motion to dismiss. Additionally, because Findling's withholding of consent to dismiss his appeal was not unreasonable, the Court denies the Trustee's request for an award of sanctions under Local Rule Local Rule 7.1(a)(3).

**B.     Mootness**

While the Court has jurisdiction, the bankruptcy estate has been administered, and the case is now closed. The Court has an independent obligation to determine *sua sponte* if an issue is moot. *Berger v. Cuyahoga Co. Bar Ass'n*, 983 F.2d 718, 721 (6th Cir.1993). Constitutional mootness derives from constitutional limitations on the federal court to adjudicate only actual cases and live controversies. *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974); *In re Popp*, 323 B.R. 260, 270–271 (B.A.P. 9th Cir. 2005) (citing *Luckie v. EPA*, 752 F.2d 454, 457 (9th Cir.1985)). A live case or controversy exists only if the parties have an interest in the outcome of the litigation. *Ellis v. Bhd. of Ry., Airline & S.S. Clerks, Freight Handlers, Exp. & Station Employees*, 466 U.S. 435, 442 (1984). That interest in the outcome of the case dissolves, and an appeal is constitutionally moot, if it is impossible to grant relief. *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992). Here, although the bankruptcy case is closed, there is still a live case or controversy because this Court has the authority to reverse a bankruptcy court order. *In re Kramer*, 71 F.4th at 438–39 (bankruptcy courts routinely reopen cases to

9

administer funds based on reversals or other changes to the bankruptcy) (citing multiple cases). Findling's appeal is not constitutionally moot.

C. **Failure to Submit a Brief**

While precedent has so far saved Findling's appeal, it cannot do all the work for him. Findling failed to take several steps that would have supported his case. Findling did not seek a stay of the proceedings when he filed his appeal. He also did not appeal the bankruptcy court's June 16th order concluding that he had not appealed the May 5th Order. Findling did not file an objection to the Trustee's Final Report and Account, filed on June 15, 2023. (Bankr. Dkt. 312.) Finally, Findling failed to submit the appellant brief due to this Court by July 13th. (*See* ECF No. 10.) The Trustee argues that dismissal is appropriate here for failure to submit this brief under the Bankruptcy Rules.

If an appellant in a bankruptcy appeal fails to file a brief within the time allowed, "the district court ... may dismiss the appeal." Fed. R. Bankr. P. 8018(a)(4); *see also* Fed. R. Bankr. P. 8003(a)(2) ("An appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the district court or BAP to act as it considers appropriate, including dismissing the appeal."). The rules were not intended to encourage routine dismissals for trivial lapses of timely filings, but dismissal is appropriate "when bad faith, negligence or indifference has been shown." *In re Tucker*, 665 F. App'x 841, 844 (11th Cir. 2016) (quoting *Brake v. Tavormina (In re Beverly Mfg. Corp.)*, 778 F.2d 666, 667 (11th Cir. 1985)). Findling admits, and it is apparent to the Court, that "[s]ince Bankruptcy Judge Thomas Tucker issued his [June 16th] Order, it has been unclear [to Findling] how [he] should proceed." (ECF No. 13, PageID.335.) Still, the Court will exercise its discretion

and dismiss Findling's appeal if he does not timely show cause for his apparent failure to prosecute his case.

## V.   Conclusion

For the reasons set forth above, the Court DENIES the Trustee's motion to dismiss. The Court also DENIES her motion for sanctions.

The Court further ORDERS that within ten (10) days of this order, Findling SHOW CAUSE for failing to file the appellant brief as required in the scheduling order of June 30, 2023, and for otherwise failing to prosecute his case.

This Order constitutes notice under Federal Rule of Bankruptcy Procedure 8018(a)(4) and local Rule 41.2 of the Local Rules for the Eastern District of Michigan of the Court's intention to dismiss this appeal on its own motion unless Findling can show cause why his case should not be dismissed for failure to prosecute.

SO ORDERED.

                            s/ Nancy G. Edmunds
                            Nancy G. Edmunds
                            United States District Judge

Dated: February 26, 2024

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 26, 2024, by electronic and/or ordinary mail.

                            s/ Lisa Bartlett
                            Case Manager