# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| Kelly L. Stephens<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: June 13, 2025

Mr. David M. Findling
Findling Law Firm
415 S. West Street
Suite 200
Royal Oak, MI 48067-3763

Mr. Mahesha P. Subbaraman
Subbaraman
80 S. Eighth Street
Suite 900
Minneapolis, MN 55402

Re: Case No. 24-1380, *David Findling v. Tammy Terry*
Originating Case Nos. : 2:23-cv-11140 : 22-ap-04012 : 22-bk-40755

Dear Counsel,

The Court issued the enclosed opinion today in this case.

Enclosed are the court's unpublished opinion and judgment, entered in conformity with Rule 36, Federal Rules of Appellate Procedure.

Sincerely yours,

s/Cathryn Lovely
Opinions Deputy

cc: Ms. Kinikia D. Essix

Enclosures

Mandate to issue

NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0293n.06

No. 24-1380

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jun 13, 2025
KELLY L. STEPHENS, Clerk

| | |
|---|---|
| In re: LYNN BETH BAUM,<br><br>    Debtor.<br>_____<br><br>DAVID M. FINDLING; FINDLING LAW FIRM PLC,<br><br>    Creditors-Appellees,<br><br>v.<br><br>TAMMY L. TERRY, Chapter 13 Standing Trustee,<br><br>    Trustee-Appellant. | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN \| UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF MICHIGAN<br><br>OPINION |

Before: MOORE, GRIFFIN, and KETHLEDGE, Circuit Judges.

PER CURIAM. In this bankruptcy matter, the debtor Lynn Beth Baum voluntarily dismissed her Chapter 13 petition. Then the bankruptcy court ordered Chapter 13 Trustee Tammy L. Terry to distribute all the funds received. Creditors David M. Findling and the Findling Law Firm PLC ("Findling") appealed to the district court. The district court denied Terry's motion to dismiss but ordered Findling to show cause why the appeal should not be dismissed. The court then vacated the show-cause order. Here, Terry seeks review of these orders under 28 U.S.C. § 158(d)(1). We dismiss this appeal for lack of jurisdiction because the district court's orders before us are not final.

No. 24-1380, *Findling v. Terry*

I.

Lynn Beth Baum filed a voluntary Chapter 13 bankruptcy petition in February 2022. Attorney David Findling and his firm represented Baum initially, but later were disqualified because they were also creditors asserting a pre-petition attorney's fee lien. *In re Baum*, 639 B.R. 721, 722–23 (Bankr. E.D. Mich. 2022). During the next year, Baum proposed several bankruptcy plans, and made or directed payments to the Trustee Tammy Terry that totaled $147,466. *In re Baum*, 650 B.R. 852, 856 (Bankr. E.D. Mich. 2023).

In March 2023, however, Baum voluntarily dismissed her bankruptcy petition without a confirmed plan. Terry then proposed to distribute the funds she had received, under which Terry would retain 8% of what she had held on Baum's behalf, as a trustee's fee under 28 U.S.C. § 586(e)(2). Findling objected to Terry's fee and Baum objected to other aspects of the proposed distribution. In an opinion dated May 5, 2023, the bankruptcy court said it would order the Trustee to pay all the funds to Baum—except for (1) "any and all administrative expenses allowed under 11 U.S.C. § 503(b)" and (2) "the Trustee's percentage fee under 28 U.S.C. § 586(e)(2)." *In re Baum*, 650 B.R. at 858. The accompanying order said the distribution was "without prejudice to any attorney lien that Findling may claim in any of the funds to be paid to the Debtor by the Trustee under this Order." Terry did as ordered—retaining a trustee's percentage fee of $11,974.65, paying Baum's bankruptcy attorney $31,468.30, and returning $104,069.27 to Baum.

Findling filed a timely notice of appeal to the district court under 28 U.S.C. § 158(d)(1). The notice incorrectly identified (and attached) the bankruptcy court's opinion, rather than its order. On June 13, the district court received the designated record and issued a scheduling order. The order required, as relevant here, that Findling file a brief by July 13. But Findling never did.

-2-

No. 24-1380, *Findling v. Terry*

On July 20, Terry moved to dismiss Findling's appeal based primarily on defects in the notice of appeal. The district court denied Terry's motion to dismiss. In that order, the district court rejected most of Terry's arguments but ordered Findling to show cause why the appeal should not be dismissed for having failed to file the required brief or otherwise to prosecute the case. Findling's response pled confusion caused by an earlier bankruptcy court order (not appealed here). The district court vacated the show-cause order without explanation. Terry then appealed both orders.

## II.

The parties say we have jurisdiction in this appeal, but we must independently satisfy ourselves that we do. *See NOCO Co. v. OJ Com., LLC*, 35 F.4th 475, 480 (6th Cir. 2022). Although a single-judge order initially said we did, we are not bound by that order. *See* Fed. R. App. P. 27(c); *United States v. Kechego*, 91 F.4th 845, 853 (6th Cir. 2024); *see also In re Troutman Enters., Inc.*, 286 F.3d 359, 364 (6th Cir. 2002) ("[W]e are under a continuing obligation to verify our jurisdiction over a particular case.").

Under 28 U.S.C. § 158(d)(1), a court of appeals may hear "appeals from all final decisions, judgments, orders, and decrees" of a district court (or bankruptcy appellate panel) reviewing a bankruptcy court's decision. The determination whether the district court's order is final "largely mirror[s] our understanding of finality under [28 U.S.C. §] 1291." *In re Lindsey*, 726 F.3d 857, 859 (6th Cir. 2013). That means "a decision by the district court on appeal remanding the bankruptcy court's decision for further proceedings in the bankruptcy court is not final, and so is not appealable to this court, unless the further proceedings contemplated are of a purely ministerial character." *Settembre v. Fid. & Guar. Life Ins. Co.*, 552 F.3d 438, 441 (6th Cir. 2009) (citation omitted).

-3-

When a district court dismisses an appeal, we have jurisdiction under § 158(d)(1) to review whether that determination was correct. *In re Cyberco Holdings, Inc.*, 734 F.3d 432, 437 (6th Cir. 2013) (explaining the BAP's dismissal of the appeal "fully resolved the appellate proceedings by deciding the jurisdictional question and left nothing for the bankruptcy court to do"). But here the district court neither affirmed the bankruptcy court's order nor dismissed the appeal. The orders before us now, rather, are quintessentially interlocutory.

Terry contends that the district court's orders are final because she says her motion to dismiss was a "proceeding" that involved "a discrete dispute" with "specific procedural steps." *In re Cal. Palms Addiction Recovery Campus, Inc. (California Palms)*, 87 F.4th 734, 739 (6th Cir. 2023). Terry confuses the standard for determining whether a bankruptcy court order is final and therefore appealable by right to the district court (§ 158(a)(1)) with the standard for determining whether a district court's decision in a bankruptcy appeal is appealable to this court (§ 158(d)(1)). *See In re Wohleber*, 833 F. App'x 634, 638 (6th Cir. 2020); *In re Cyberco Holdings*, 734 F.3d at 437, 440–41 (recognizing the separate requirements of (1) jurisdiction to appeal a bankruptcy court's decision to the district court and (2) jurisdiction to appeal the district court's decision to the court of appeals). Under § 158(a)(1), which looks to a final order in a bankruptcy proceeding, orders "qualify as 'final' when they definitively dispose of discrete disputes within the overarching bankruptcy case." *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 37 (2020); *see also Bullard v. Blue Hills Bank*, 575 U.S. 496, 505 (2015). By contrast, § 158(d)(1)'s jurisdiction focuses on whether the district court finally disposed of an appeal from the bankruptcy court, or whether further proceedings will occur on a district court's remand. *See Settembre*, 552 F.3d at 441. For example, in *California Palms*, we reviewed the bankruptcy court's order converting the proceedings from Chapter 11 to Chapter 7 after the district court ruled on the appeal. 87 F.4th at

-4-

739. As to that conversion, the district court's order was final because it affirmed the bankruptcy court's decision. *See id*. Here, however, the district court's orders did not finally dispose of Findling's appeal of the bankruptcy court's decision.

Terry otherwise argues that we can review the district court's orders under the "collateral order doctrine." *Cohen v. Beneficial Indus. Loan Corp*., 337 U.S. 541, 546 (1949). But that doctrine permits appeals from a "small class" of decisions that "finally determine claims of right separable from, and collateral to, rights asserted in the action." *Id*. Here, the district court's orders do not finally determine any discrete rights in the bankruptcy case. Nor are the district court's rulings effectively unreviewable on appeal from a final decision. Hence the doctrine does not apply.

* * *

We dismiss this appeal for lack of jurisdiction.

-5-

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

No. 24-1380

IN RE: LYNN BETH BAUM,

    Debtor.
_____

DAVID M. FINDLING; FINDLING LAW FIRM PLC,

    Plaintiffs - Appellees,

    v.

TAMMY TERRY, Chapter 13 Trustee,

    Defendant - Appellant.

> **FILED**
> Jun 13, 2025
> KELLY L. STEPHENS, Clerk

Before: MOORE, GRIFFIN, and KETHLEDGE, Circuit Judges.

# JUDGMENT

On Appeal from the United States District Court for the Eastern District of Michigan at Detroit.
_____

United States Bankruptcy Court for the Eastern District of Michigan at Detroit.

    THIS CAUSE was heard on the record from the district court and bankruptcy court and was submitted on the briefs without oral argument.

    IN CONSIDERATION THEREOF, it is ORDERED that the appeal is DISMISSED for lack of jurisdiction.

                            **ENTERED BY ORDER OF THE COURT**

                            _____
                            Kelly L. Stephens, Clerk